Max M. Katzen, for petitioner.

Henry A. Wise, U. S. Atty., of New York City, and Frank M. Roosa, Asst. U. S. Atty., of New York City.

---

In re FOGELMAN.

(District Court, E. D. New York. April 17, 1913.)

BANKRUPTCY (§ 136*)—CONCEALMENT OF ASSETS—ORDERS IN BANKRUPTCY—
FAILURE TO PERFORM—CONTEMPT.

A bankrupt and S., his son-in-law, having been examined as to the concealment of property in contemplation of bankruptcy, they were ordered to deliver the property to the trustee, but failed to do so; and in contempt proceedings the bankrupt exonerated S., who really ran the business, and admitted that everything had been sold and the proceeds paid to him. The bankrupt was committed, but was finally released on its being apparent that neither he nor S. had any property and that both were unable to obey the order. In the meantime an indictment for perjury in the bankruptcy proceedings against S. resulted in the dismissal of the indictment, because the statute of limitations had run. Whereupon an order was obtained compelling the bankrupt and S. to show cause why they should not be punished for criminal contempt in disregarding the authority of the bankruptcy court, in disobeying its orders, and in preventing, by false testimony and concealment of assets, the proper administration of the estate. Held, that poverty and bad advice, being the only excuses presented, were insufficient, and that both the bankrupt and S. were punishable for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of Boris Fogelman. On petition to commit the bankrupt and one Daniel Svigals for contempt. Granted.

Amy Wren, of Brooklyn, N. Y., in pro. per.

Jacob L. Holtzmann, of New York City, for respondents.

CHATFIELD, District Judge. The bankrupt was adjudicated on January 13, 1910. He and his son-in-law were examined as to the removal of property in contemplation of bankruptcy. They were ordered to turn over·the property concerned, on the 18th day of September, 1911. Nothing was produced, and in contempt proceedings it appeared that the bankrupt, rather than throw the onus of the transfer on his son-in-law, who really ran the business, admitted that everything had been sold and the proceeds paid to him. On this statement, made in court under oath, the son-in-law was released from punishment for contempt, and the bankrupt was committed to the custody of the marshal, on the 16th day of April, 1912. Upon further application by his attorney, he was finally released, as it became apparent that neither he nor the son-in-law had then any property from which they could obey the order. Meanwhile an indictment for perjury against Daniel Svigals, the son-in-law,·resulted in a dismissal of the indictment, on motion of the district attorney. The statute of limitations against prosecution had run before this happened. The bankrupt has now been brought in to show cause why he should not be punished as for a criminal contempt, in disregarding the authority of the bankruptcy court, disobeying the court's orders, and generally preventing, by false testimony and concealment of assets, a proper administration of the estate. As to this he has continued his denials, and has pleaded ·poverty and bad advice, but still insists that the son-in-law was not to blame, and takes the entire burden·of the son-in-law's acts upon himself.

For such a course, where it was followed deliberately and even by advice of attorneys (according to the bankrupt),[1] but without giving information as to this advice or the ones furnishing it, the only recourse, as criminal indictment cannot be had, is to impose a definite punishment. Grant & Burlingame v. U. S., 227 U. S. 74, 33 Sup. Ct. 190, 57 L. Ed. —— (Jan. 20, 1913); Merchants' S. & G. Co. v. Board of Trade of Chicago (C. C. A.) 201 Fed. 20; Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

The bankrupt, Boris Fogelman, will be punished for his contempt, and committed to jail for the period of 90 days, and directed to pay a fine of $200, of which one-half will go to the government and one-half to the bankrupt estate, and stand committed until the fine is paid or he is otherwise released.. The son-in-law, Daniel Svigals, will be committed to jail for the period of one day.

[1] The present attorneys for the bankrupt were not connected with the matter in any way at the time.